IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37056-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DAVID MERAZ GUTIERREZ, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — David Meraz Gutierrez filed a motion for post-conviction relief in the trial court, arguing he was denied effective assistance of counsel because his attorney failed to provide adequate immigration advice prior to entry of a plea to possession of a controlled substance. We agree with Mr. Gutierrez's claim for relief and reverse the trial court's order to the contrary.

FACTS

Mr. Gutierrez is a citizen and national of Mexico. He has lived in the United States since childhood and graduated high school in Kennewick, Washington in 2007. In 2009, Mr. Gutierrez became a lawful permanent resident of the United States.

In 2014, Mr. Gutierrez was charged with one count of unlawful possession of a controlled substance, methamphetamine. He was represented by an attorney named Ryan Swinburnson. Originally, Mr. Gutierrez was released from custody pending trial.

But after he failed to appear for an omnibus hearing, a bench warrant was issued and he was arrested. Mr. Gutierrez then pleaded guilty as charged on October 9, 2014. His standard sentencing range was 0 to 6 months. The court imposed 30 days' confinement. Mr. Gutierrez did not appeal.

Roughly three years after his plea and conviction, Mr. Gutierrez was deported to Mexico. In January 2019, Mr. Gutierrez filed a motion to vacate his sentence and withdraw his guilty plea. The basis for the motion was that he had not been provided adequate advice about the immigration consequences of his guilty plea.

Both Mr. Gutierrez and Mr. Swinburnson provided information relevant to Mr. Gutierrez's motion; they differ in their accounts. According to Mr. Gutierrez, Mr. Swinburnson never discussed anything about immigration consequences. Mr. Swinburnson disagreed. While he had no specific recollection of the details of Mr. Gutierrez's case, Mr. Swinburnson claimed his general practice was to ask clients about whether they had any immigration concerns. If so, he would offer to put them in contact with an immigration attorney. Mr. Swinburnson could not find any record that he had contacted an attorney for Mr. Gutierrez. In Mr. Swinburnson's experience, most of his clients were more concerned about getting out of jail than immigration consequences. Mr. Swinburnson knew that a drug possession conviction could have immigration

repercussions. However, Mr. Swinburnson was not able to differentiate the consequences that might be faced by a defendant with "no status at all . . . as opposed to someone who was a legal permanent resident." Report of Proceedings (Apr. 16, 2019) at 10.

At the evidentiary hearing on Mr. Gutierrez's motion for post-conviction relief, the trial court received testimony from Mr. Swinburnson and credited his account of the interactions with Mr. Gutierrez.[1] The court found Mr. Swinburnson

> advised [David] Meraz Gutierrez regarding potential immigration consequences of his plea including that his plea of guilty could have very serious negative immigration consequences to him including deportation, exclusion from admission to the United States or denial of naturalization pursuant to the laws of the United States.

Clerk's Papers at 127.

The trial court found Mr. Swinburnson's advice legally accurate and sufficient. The court noted immigration law is complex and Mr. Gutierrez's "situation is not one where the law is 'truly clear' that the offense of unlawful possession of a controlled substance is clearly deportable." *Id*. at 128. The court reasoned that, even with a conviction for unlawful possession of a controlled substance, Mr. Gutierrez could have been eligible for relief from deportation through cancellation of removal. Given this

---

[1] Because he was deported to Mexico, Mr. Gutierrez was not available to testify at the hearing.

3

circumstance, the court found Mr. Gutierrez was accurately advised that deportation was uncertain and therefore counsel's representation was not deficient.

The trial court went on to find that Mr. Gutierrez would have exercised his right to trial had he been advised his offense would render him deportable. Nevertheless, because the court found Mr. Gutierrez had not received inadequate advice, it denied Mr. Gutierrez's motion for relief.

Mr. Gutierrez now appeals.

## ANALYSIS

The state and federal constitutions guarantee effective assistance of counsel to individuals charged with crimes. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. This right to extends to guilty pleas. *State v. Sandoval*, 171 Wn.2d 163, 169, 249 P.3d 1015 (2011). When a noncitizen enters a plea, the right to effective assistance of counsel includes the right to advice regarding potential immigration consequences. *Padilla v. Kentucky*, 559 U.S. 356, 367, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010).

An individual seeking relief from conviction based on ineffective immigration advice bears the burden of proving grounds for relief. This involves showing two elements: deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668,

687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Failure to meet either element precludes relief. *Id*. at 700.

*Deficiency of performance*

Defense counsel's constitutional obligation to provide immigration advice is significant, but not onerous. The case law recognizes "[i]mmigration law can be complex." *Padilla*, 559 U.S. at 369. If the law governing a particular case is unclear, an attorney need do no more than provide a general warning regarding the "risk of adverse immigration consequences." *Id*. But when the law is "truly clear" defense counsel must do more. *Id.* If the law is clear that an offense "is deportable," defense counsel is obliged to provide the client correct advice. *Sandoval*, 171 Wn.2d at 170.

The question here is what level of specificity was required of Mr. Swinburnson. This inquiry turns on whether, at the time of Mr. Gutierrez's plea, relevant law made clear Mr. Gutierrez's drug offense would render him deportable. It was. It is black letter law that all noncitizens convicted of a controlled substance offense are deportable. 8 U.S.C. § 1227(a)(2)(B)(i).[2] Although there are many areas of immigration law that are complex

---

[2] "Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance . . . other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable." 8 U.S.C. § 1227(a)(2)(B)(i).

and unpredictable, this is not one of them. Given the clarity of the law regarding controlled substance offenses, it is was incumbent on Mr. Swinburnson to provide Mr. Gutierrez legal advice that went beyond mere generalities.

It is undisputed that Mr. Swinburnson never provided Mr. Gutierrez specific advice regarding deportability. Nevertheless, the trial court excused defense counsel's conduct, reasoning Mr. Gutierrez might have been able to avoid deportation by obtaining cancellation of removal. Had Mr. Gutierrez obtained cancellation of removal, he would not have been deported. Given this circumstance, the court reasoned defense counsel's general advice about the potential for deportation was accurate.

The trial court's analysis conflated deportability with relief from deportation. At the time of his plea, Mr. Gutierrez was a legal permanent resident. This status meant he was not a deportable alien. But once Mr. Gutierrez entered his guilty plea, things changed. The plea and conviction authorized United States Immigration and Customs Enforcement to arrest Mr. Gutierrez and place him in removal proceedings. Once in proceedings, it might have been possible for Mr. Gutierrez to apply for discretionary relief from deportation, such as cancellation of removal. However, the potential for relief from deportation did not change the fact that Mr. Gutierrez was deportable, a status he did not have prior to his plea.

At the time of his plea, Mr. Gutierrez was entitled to clear advice that his conviction would change his protected status in the United States and render him eligible for deportation.[3] Unfortunately, this critical information was never relayed to Mr. Gutierrez. Defense counsel's conduct was therefore constitutionally deficient.

*Prejudice*

Because Mr. Gutierrez has shown deficient performance, the final step in the analysis turns on whether he has shown prejudice. Prejudice in this context requires a defendant to show that, "'but for counsel's errors, [they] would not have pleaded guilty and would have insisted on going to trial.'" *Sandoval*, 171 Wn.2d at 175 (quoting *In re Pers. Restraint of Riley*, 122 Wn.2d 772, 780-81, 863 P.2d 554 (1993)). We agree with the trial court here that this burden has been met.

The record shows Mr. Gutierrez pleaded guilty to the State's information as charged. His standard sentencing range would have been the same regardless of whether he entered a plea or took his case to trial. Given the significance of retaining lawful permanent resident status and the limited value of the terms of his plea, it is probable Mr. Gutierrez would have exercised his right to trial had he been accurately advised of

---

[3] It is doubtful Mr. Swinburnson was obliged to go further and discuss potential defenses, such as cancellation of removal. Mitigation advice is often confusing and can detract from the key advice regarding deportability. *Sandoval*, 171 Wn.2d at 173.

7

No. 37056-9-III
*State v. Gutierrez*

immigration consequences. Mr. Gutierrez has therefore shown he was prejudiced by counsel's deficient immigration advice.

CONCLUSION

The trial court's order denying Mr. Gutierrez's motion to vacate his conviction and withdraw his guilty plea is reversed. This matter is remanded for further proceedings consistent with this opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Fearing, J.

8